UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20536-02

v.

MARKO BURNS
_____/

**DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

 X    (1)    The Government moved for detention at the Defendant's first appearance pursuant to:

    X    18 U.S.C. § 3142(f)(1).

    __    18 U.S.C. § 3142(f)(2).

__    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__    (1)    The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__    (2)    The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

   \_\_    (3)    A period of less than five years has elapsed since

              \_\_    the date of conviction, **or**

              \_\_    the Defendant's release from prison for the offense described in finding (B)(1).

   \_\_    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**    **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

    <u> X </u>    for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)[1], **or**

    \_\_    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    \_\_    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    \_\_    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    \_\_    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

**D.**    **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

   \_\_    (1)    There is a serious risk that the Defendant will not appear.

   \_\_    (2)    There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

    __    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

    __    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

   X    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

    Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must next consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection § 3142(g). At the threshold, I note that based upon his prior criminal history, Defendant faces mandatory life imprisonment without release if convicted of Count I of the Indictment. Defendant is also charged in multiple other counts which, if convicted on one or more of them and sentenced to the maximum allowed under the statute, means that he could face close to one hundred years' incarceration.

    As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, both powder and crack cocaine. I further find, from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

    As to subsection 3142(g)(3), I find that Defendant is currently 29 years of age and has been a resident of this area substantially all of his life. Defendant is single and has never been married. He is unemployed and, since 2007, has been supporting himself by the

buying and selling of automobiles and other items.  He has also worked for brief periods at fast food restaurants and manufacturing concerns in the Bay City and Saginaw areas. Defendant conceded to Pretrial Services that he has been a using crack cocaine for at least the last year, stating that his last use was the day before he was arrested.  Preliminary analysis of a urine specimen tested positive for cocaine.

In September 2000, Defendant was charged with multiple counts of controlled substance violations.  He pled guilty to a misdemeanor possession of marijuana charge and a traffic offense.  The Government proffers that, while on bond, he was charged with other traffic offenses as well as possession of marijuana.  In 2001, Defendant pled guilty to possession of a cocaine less than 25 grams, a state law felony.  He was sentenced to three years' probation.  He was ultimately discharged from probation without improvement as the result of other arrests.

The Government proffers that, while on probation, Defendant on at least one occasion failed to appear and on one occasion had a urinalysis test result that was positive for controlled substances.  In August 2004, while on probation from the earlier convictions, Defendant was charged with two counts of delivery and manufacture of cocaine less than 50 grams.  He pled guilty to two counts of attempted delivery/manufacture and manufacture of less than 50 grams of cocaine, a state law felony.  He was sentenced to one year and eight months to five years' confinement.

Defendant was paroled in 2005 and discharged from parole in December 2007.  The Government represents that, while on parole, Defendant was arrested on another drug charge.  In response, counsel for Defendant proffers that while Defendant was incarcerated on these charges, on more than one occasion he complied with requirements of both his probation and of the jail authorities.  The Government further proffers that one of the counts

against Defendant in this Indictment involves a controlled purchase of narcotics made under surveillance by law enforcement officers.

As I weigh the evidence that has been presented, I note first that at least seven circuits and a number of district courts have held that continued drug dealing, such as that evidenced in this case, constitutes a danger to the community.  *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("his continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

I note further that Defendant has been unwilling on any consistent basis to abide by the conditions of court-imposed supervision.  Moreover, in light of his lack of meaningful employment and his relatively insubstantial ties to this community, coupled with the potential for mandatory life imprisonment if convicted on Count I, I conclude that Defendant would have an essentially irresistible incentive to flee, if allowed the opportunity.

For all these reasons, I conclude that the presumption in favor of detention has not been rebutted on the evidence presented.  I further conclude that even if it had, I am entirely unable to craft any condition or combination of conditions that would reasonably assure the safety of the community or Defendant's appearance.  The Government's motion to detain is therefore **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                 s/ *Charles E. Binder*
                 CHARLES E. BINDER
Dated: November 17, 2009        United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and Jeffrey Day, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: November 17, 2009       By    s/*Jean L. Broucek*
                                     Case Manager to Magistrate Judge Binder